**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Louis A. Telerico, | ) | **CASE NO. 08 CV 1680** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Merrill Lynch, et al., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |


### <u>INTRODUCTION</u>

This matter is before the Court upon Merrill Lynch's Motion for Summary Judgment on Damages (Doc. 75). This is an employment discrimination case. For the reasons that follow, the motion is GRANTED.

### <u>FACTS</u>

Plaintiff, Louis Telerico, filed this lawsuit against defendants, Merrill Lynch, Pierce & Smith, Inc. and Bank of America (collectively "defendant"), alleging wrongdoing in connection with the termination of plaintiff's employment. Plaintiff filed a six-count complaint and defendant filed a two-count counterclaim. The parties cross-moved for summary judgment and

1

this Court issued an Opinion addressing all of the parties' claims.  The sole remaining issue in

this case is the amount of damages defendant suffered as a result of plaintiff's breach of two

contracts, *i.e.*, the Financial Advisor Capital Accumulation Plan ("FACAAP") and the Growth

Award Plan.

Defendant moves for summary judgment and plaintiff opposes the motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is

appropriate when no genuine issues of material fact exist and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v.*

*United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the

absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the

lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the

2

adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

**<u>ANALYSIS</u>**

Defendant provides the Court with payroll documents indicating that it paid plaintiff $1,908,083.82 pursuant to the FACAAP and $147,666.46 pursuant to the Growth Award Plan.[1] Defendant also argues that it is entitled to prejudgment interest in the amount of $147,281.84. The prejudgment interest is based on an interest rate of 5% for a time period of 523 days.  The 523 day period is the time between defendant's demand letter and this Court's opinion granting summary judgment on liability.

In response, plaintiff argues that the FACAAP and the Growth Award Plan do not prevent him from working for a  competitor.  Rather, he claims that the restriction is only imposed in the event he "retired" from defendant's employment.  According to plaintiff, he did not retire.  Although plaintiff cites no evidence in support of his contention that he did not "retire," he refers the Court to plaintiff's opposition to defendant's motion for summary

---

[1]     Although the calculation is not spelled out in the brief, the Court has reviewed the documents and performed the calculation to ensure the accuracy of the numbers.  In addition, plaintiff does not dispute the calculation.

3

judgment addressing liability.  According to plaintiff's arguments, defendant determined that plaintiff was not capable of working and "forced" him out of employment.  Again, without citation to evidence, plaintiff argues that defendant determined that plaintiff was nonetheless entitled to receive compensation under these plans without any restriction on his future employment.

The Court rejects plaintiff's attempt to argue that his employment with Butler Wick does not constitute a breach of the FACAAP and the Growth Award Plan.  The Court agrees with defendant that plaintiff waived any argument in this regard.  This Court already addressed the issue of breach in its lengthy opinion on liability.  All of the arguments plaintiff now presents were available at that time and plaintiff fails to articulate a reason why these arguments were not presented during the liability phase.

Upon review, the Court finds that defendant is entitled to an award of compensatory damages in the amount of $1,908,083.82 for breach of the FACAAP and $147,666.46 for breach of the Growth Award Plan.  Plaintiff offers no evidence in opposition.  Similarly, plaintiff fails to offer any opposition to defendant's request for $147,281.84 in prejudgment interest. Accordingly, the Court finds that no question of fact exists as to the issue of damages and defendant is entitled to $2,203,032.12.

**CONCLUSION**

For the foregoing reasons, Merrill Lynch's Motion for Summary Judgment on Damages is GRANTED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/23/09